**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| KHARY SHERRIF ARRINGTON, : | |
| Petitioner, : | Civil Action No. 17-2638 (PGS) |
| v. : | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, : | |
| Respondent. : | |

**SHERIDAN, District Judge:**

Petitioner Khary Sherrif Arrington, confined at FCI-Fairton in Fairton, New Jersey, has filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 ("Motion"), challenging a sentence imposed by this Court in *United States v. Arrington*, No. 14-cr-0104, ECF No. 23 (D.N.J. entered July 22, 2014). His sentence was enhanced by application of the career offender provision in the United States Sentencing Guidelines, based on a prior state drug conviction. Petitioner contends that under *Mathis v. United States*, 136 S. Ct. 2243 (2016), his state drug offense no longer qualifies as a predicate conviction and, as such, he should be resentenced. At this time, the Court must screen for summary dismissal pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons stated below, the Court dismisses the Motion as time-barred.

### I.   STANDARD OF REVIEW

A prisoner in federal custody under sentence of a federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence" upon three grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the

court was without jurisdiction to impose such sentence"; or (3) "that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a).

A criminal defendant bears the burden of establishing his entitlement to § 2255 relief. *See United States v. Davies*, 394 F.3d 182, 189 (3d Cir. 2005). Moreover, because a § 2255 motion to vacate is a collateral attack on a sentence, a criminal defendant "must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982), *cited in United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014). For its part, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005) (internal quotation marks and citation omitted). Additionally, "[i]t is the policy of the courts to give a liberal construction to *pro se* habeas petitions." *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

## II. DISCUSSION

Title 28, Section 2255 of the United States Code requires that "[a] 1–year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255(f). In most cases and in this particular case, the one-year period begins on "the date on which the judgment of conviction becomes final[.]" 28 U.S.C. § 2255(f)(1).

> [A] judgment of conviction becomes final within the meaning of § 2255 on the later of (1) the date on which the Supreme Court affirms the conviction and sentence on the merits or denies the defendant's timely filed petition for certiorari, or (2) the date on which the defendant's time for filing a timely petition for certiorari review expires. If a defendant does not pursue a timely direct appeal to the court of appeals,

> his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired.

*Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999); *see Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012); *Clay v. United States*, 537 U.S. 522, 532 (2003).

Here, because Petitioner's judgment was issued by this Court on July 22, 2014, and he did not appeal that judgment, the instant Motion, dated April 13, 2017, more than two years later, is unquestionably untimely under § 2255. Petitioner acknowledges this problem, and concedes that his motion would ordinarily be time-barred. ECF No. 1 at 13. Nevertheless, he argues that because his claim is based on *Mathis*, decided on June 23, 2016, his motion is timely under 28 U.S.C. § 2255(f)(3), which allows a motion to be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]"

However, the Court finds Petitioner does not state a claim that was initially recognized in *Mathis*. The basis of his claim is that the Court misapplied the "modified categorical approach" in deciding whether his prior state drug crime rendered him a career offender under the Guidelines. ECF No. 1 at 5. But as *Mathis* itself pointed out, the modified categorical approach was not new law—indeed, *Mathis* cited to *Shepard v. United States*, 544 U.S. 13, 26 (2005), a case decided on March 7, 2005, as an example of a case where the Supreme Court applied the modified categorical approach. 136 S. Ct. at 2249. According to Petitioner, his claim raises the issue of "whether a state prior/s can be applied to a divisible statute such as N.J.S.A. 2C-35 that contains more th[a]n one alternative without reviewing something more." ECF No. 1 at 5.[1] As *Mathis* explained, this

---

[1] "N.J.S.A. 2C-35," of course, is not even an actual statute. Section 2C:35 of the N.J.S.A. is the Comprehensive Drug Reform Act of 1987. *See* N.J.S.A. § 2C:35-1. Petitioner does not explain why an entire section of legislation, which contains many statutes defining different crimes, should be construed as a "divisible statute."

3

is a classic problem requiring the modified categorical approach, which existed long before *Mathis* was decided. 136 S. Ct. at 2249.

Instead, *Mathis* itself dealt with a very narrow issue of whether the enumerated offenses of "burglary, arson, or extortion," which can enhance a defendant's sentence under the Armed Career Criminal Act, encompass a state crime that, on its face, contains an element that includes more offensive conduct than the common-law definitions of those enumerated offenses. *Id.* Of course, that has nothing to do with Petitioner's claim here—his prior state crime was neither burglary, arson, or extortion, nor did it involve the common-law definition of any crime. Indeed, drug offenses are contemporary crimes that are almost exclusively defined by statutes. If Petitioner believes that this Court erred when applying the categorical approach or the modified categorical approach to determine whether his prior state offense fell under the career offender provision of the Guidelines, he should have raised that issue at sentencing, or at the very latest, filed a § 2255 motion within one year after his judgment became final. Contrary to Petitioner's assertion, *Mathis* did not announce any new law relevant to his claim. As such, the Court finds that the Motion is time-barred.

The Court also denies a certificate of appealability ("COA"). Federal law provides that an appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the United States Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that

4

jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Here, the Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Motion is correct.

### III.   CONCLUSION

For the reasons set forth above, the Motion is DISMISSED as time-barred, and the Court denies a certificate of appealability.

_____ 7/26/17
Peter G. Sheridan, U.S.D.J.

Dated: